KANE, SR., ET, PLAINTIFFS, *v.* KREITER ET, DEFENDANTS.

Common Pleas Court, Tuscarawas County.

No. 36349.   Decided October 14, 1963.

18

*Mr. Joseph M. Streb*, for plaintiffs.
*Mr. Harlan R. Spies*, prosecuting attorney, for defendants.

LAMNECK, J. The plaintiffs in this action seek to enjoin the Board of Township Trustees of Dover Township, Tuscarawas County, Ohio, from enforcing a Zoning Ordinance covering a portion of said Township which prohibits strip mining operations within the zoned territory, as it relates to approximately 150.02 acres of land owned by the plaintiff, Thomas L. Kane, Sr.

The land in question was acquired by the said Thomas L. Kane, Sr., in 1945. On April 5, 1956, he leased said lands to the plaintiff, Eberhart Coal, Inc. for the removal of three veins of coal by strip mining for a period of ten years.

Hereinafter, the said Thomas L. Kane, Sr., will be referred to as the "Lessor," the Eberhart Coal, Inc. as the "Lessee," and the Board of Township Trustees of said Dover Township as "Trustees."

The Zoning Ordinance was adopted at the General Election on November 6, 1956, and became effective on November 21, 1956.

The said Zoning Ordinance in so far as it relates to this case contains the following provisions:

1. It creates four classes of districts, viz, Agricultural, Residential, Business and Industrial. (Section II.)

2. It prohibits the strip mining of coal or other materials. (Section VII, A6.)

3. The Board of Township Trustees, the Zoning Inspector, or any adjacent or neighboring property owner who would be especially damaged by a violation is authorized to bring proceedings to enforce said ordinance. (Section X, B.)

4. It provides for the continuance of a non-conforming use in effect at the time of the enactment of the ordinance. (Section IX, I.)

5. The discontinuance of a non-conforming use for a period of two or more years is deemed as an abandonment of such non-conforming use. (Section IX, J.)

The land in question in this case is located under the zoning ordinance in a district classified as "agricultural."

Said ordinance was adopted pursuant to the provisions of Sections 519.01 to 519.99, inclusive, Revised Code, in effect at the time of its adoption, and has not been amended since.

The Lessee plans to begin operations for the strip mining of coal on said lands in the near future and the Trustees have advised both the Lessor and Lessee that if strip mining operations are conducted on said premises for the removal of coal criminal prosecutions or other legal action will follow.

Injunction is a proper remedy to test the validity of restrictions placed on property by a zoning ordinance where a criminal prosecution or other legal action is threatened for present or contemplated use prohibited by such ordinance. It is not necessary to wait until a criminal prosecution has begun to invoke the penalty provided by such ordinance for an alleged violation. (See *Curtis* v. *City of Cleveland*, 170 Ohio St., 127, 163 N. E. (2d), 682; *East Fairfield Coal Co.* v. *Miller*, 71 Ohio Law Abs., 490.)

This ordinance makes it arbitrarily unlawful to conduct strip mining for the removal of coal or other materials from a natural deposit within the zoned territory.

By the enactment of the strip mining law, the legislature recognized that strip mining is a potential nuisance. The legislation enacted is intended to regulate strip mining operations and not to prohibit it. An absolute prohibition of strip mining, under all circumstances, would not be consistent with Article II, Section 36, of the Ohio Constitution, which provides that "Laws may be passed to encourage forestry . . . . to provide for the conservation of the natural resources of the state . . ., and to provide for the *regulation of methods of mining*, weighing, measuring and marketing of coal, oil, gas and all other minerals."

If a zoning ordinance is general in its application, the classification as to uses to which property may be devoted are reasonable, and pre-existing vested rights are recognized and

20

protected, it is a valid exercise of the police power. (See *Village of Euclid* v. *Amber Realty Co.*, 272 U. S., 365, 71 L. Ed., 303, 54 A. L. R., 1016.)

Township trustees under a zoning ordinance have authority to regulate and prohibit the removal of natural mineral resources contained in the township but the power to prohibit strip-mining must have a real or substantial relationship to the public health, safety, morals or general welfare, and must be such as to change a potential nuisance into an actual nuisance. The removal of coal by the strip-mining method is subject to regulation, control and under some circumstances, prohibition, as a proper exercise of the police power. (See *East Fairfield Coal Co.* v. *Miller et*, 71 Ohio Law Abs., 490.)

The court therefore finds that the zoning ordinance in question herein is a constitutional enactment subject to appropriate limitations.

The Supreme Court of Ohio in *East Fairfield Coal Co.* v. *Booth*, 166 Ohio St., 379, 143 N. E. (2d), 309, held that the temporary use of farm land for the strip-mining of coal which after the same is stripped is required to be reclaimed under the laws of Ohio cannot be absolutely prohibited under all circumstances.

The question of whether or not the prohibition of strip-mining in a certain specified locality classified as agricultural under a township zoning ordinance applies to a particular parcel of land, must be determined from its previous use, its potential uses, its condition, the locality of the land itself and its surroundings.

As heretofore stated, the land in question in this case was acquired by the Lessor in 1945. At the time of the purchase, extensive strip-mining operations had previously been conducted on the premises. The Lessor also engaged in strip-mining operations on the land subsequent to his purchase and before he leased the same to the Lessee on April 5, 1956. No strip-mining operations have been conducted on this land since it was leased to the Lessee.

The Lessee purchased 6.31 acres of land in the zoned district from the Lessor in 1956 adjacent to the land in question in this case on which is located a coal tipple. This has been

in continual use since that time by the Lessee for the screening and processing of coal stripped or mined by the Lessee on other acreage in the vicinity but not in the zoned district.

If the Lessee were the only person whose property interests were involved in this case, the court would be inclined to deny the relief sought. This Lessee learned that the land in question was in the zoned district in 1957. He has no substantial investment in the land because he has conducted no operations thereon since he leased it, and is only obligated to pay the Lessor on a tonnage basis for coal actually mined. Under Section "J" of the ordinance, an owner who does not operate a nonconforming use for two consecutive years has deemed to have abandoned it.

But as to the Lessor a different situation obtains. The land in question is steep, hilly, run-down, and partially stripped farm land. Extensive strip-mining operations have been conducted on land in the immediate vicinity to the north and east of this land. No buildings are located thereon and it has not been farmed for many years. At present it is not in a tillable condition nor could it be made so without expending large sums of money. It has no reasonable potential value exclusively for agricultural purposes. Very few residence properties are located in close proximity to this land. It is shown by the evidence that approximately 100,000 tons of coal can be profitably removed from this land by strip-mining for which the Lessor would be entitled to receive from the Lessee 25 cents per ton. To deprive the Lessor of his use of much of this property would be unreasonable and arbitrary and would amount to a taking without due process of law in violation of Article 14 of the Amendments to the Constitution of the United States, and Article I, Section 1, 16 and 19 of the Constitution of the State of Ohio.

However, the court is of the opinion that the removal of overburden to mine coal on this land by machinery nearer than 1500 feet to a present existing suitable dwelling house would constitute a nuisance and should not be permitted and that such stripping operations, except as to the operation of the tipple, should be completed on or before April 5, 1966, the time fixed in the lease.

It will therefore be ordered that the relief prayed for be granted except as to the limitations set forth in this opinion.
Exceptions noted.